**STATE of Texas ex rel. Ronald L. SUTTON, Relator,**

v.

**Susan K. BAGE, Respondent.**

**No. 71227.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 1992.

Ronald L. Sutton, Dist. Atty., Junction, for relator.

Patrick Shannon, Chief Staff Atty., Third Court of Appeals, Austin, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an original mandamus proceeding. Relator Ronald L. Sutton, district attorney of the 198th judicial district, asks this Court to issue a writ of mandamus directing respondent Susan K. Bage, clerk of the Third Court of Appeals, to file the State's appeal in the underlying criminal action. We will deny the requested relief.

Sometime in 1989, the McCulloch County [1] grand jury indicted Billie Sol Estes and four others for engaging in organized criminal activity. See Tex.Penal Code § 71.02. The defendants subsequently moved to have the indictment quashed. The trial court held a hearing on the defendants' motion on November 9, 1990. On November 16, the trial court signed a written order quashing the indictment as requested. On November 20, the district clerk of McCulloch County stamped the order "filed."

On December 4, relator filed the State's notice of appeal with the district clerk. On January 17, 1991, respondent notified relator by letter that the Third Court of Appeals had instructed respondent "to decline to file the State's appeal in this cause because the notice of appeal was not filed within fifteen days following the signing of the district court's order." Relator then filed a motion in the court of appeals to compel respondent to file the State's appeal, but the court overruled the motion.

On April 8, 1991, we granted relator's motion for leave to file an application for writ of mandamus.

In his application, relator argues that respondent has no choice but to file the State's appeal because he (i.e., relator) filed the State's notice of appeal within the time period established by Article 44.01(d) of the Texas Code of Criminal Procedure.[2] More specifically, relator contends that he filed the State's notice of appeal within fifteen days after the date the McCulloch County district clerk *filed*—and presumably entered in the minutes of the court—the trial court's order quashing the indictment. Relator concedes that his filing of the State's notice of appeal was not timely under Rule 41(b)(1) of the Texas Rules of Appellate Procedure,[3] but he contends that that rule is overridden by Article 44.01(d).

Relator also argues that the State has no other adequate remedy at law because "with no docket number and no order to appeal from, an appeal from the actions of the Clerk and the Court of Appeals cannot be perfected."

Respondent argues, in turn, that the State's notice of appeal was not timely under Rule 41(b)(1) and that there is no inconsistency between that rule and Article 44.01(d). More specifically, respondent contends that the phrase in Article 44.01(d), "entered by the court," was intended by the Legislature to mean "signed by the trial judge." Respondent also argues that, although the record shows that the trial court's order was "filed" by the district clerk on November 20, 1990, the record does not show when—or even whether—the order was actually entered in the minutes of the court.

---

1. The 198th judicial district encompasses Concho, Kerr, Kimble, McCulloch and Menard counties.

2. Article 44.01 provides in relevant part:
   (a) The State is entitled to appeal an order of a court in a criminal case if the order:
   (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint[.]
   \* \* \* \* \* \*
   (d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed *is entered by the court.* (Emphasis added.)

3. Rule 41(b)(1) provides in relevant part:
   Appeal is perfected when notice of appeal is filed within thirty (fifteen by the state) days after the day sentence is imposed or suspended in open court or the day an appealable order *is signed by the trial judge....* (Emphasis added.)

This Court is empowered by Article 5, § 5, of the Texas Constitution to issue writs of mandamus in all criminal law matters. We have recognized, however, that mandamus is a drastic remedy, to be invoked only in extraordinary situations. *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 284 (Tex.Cr.App.1987). A willingness to issue writs of mandamus in less than extraordinary situations would encourage piecemeal litigation and frustrate the efficient administration of justice.

■ Consistent with our cautious view of the mandamus remedy, we have repeatedly held that it is available only when the relator can establish two things: first, that under the relevant law and facts, he has a *clear* right to the relief sought, i.e., the act he seeks to compel is "ministerial"; and second, that no other adequate remedy at law is available. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex.Cr.App.1991); *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex.Cr.App.1985); see C. Antieau, 1 *The Practice of Extraordinary Remedies* §§ 2.01–2.18 (1987). We must first determine, therefore, whether respondent is under a clear legal duty to file the State's appeal, as claimed by relator. If the answer to that question is "no", our analysis need proceed no further.

■ Earlier this term, in *State v. Rosenbaum*, 818 S.W.2d 398 (Tex.Cr.App.1991), we addressed the meaning of the ambiguous phrase, "entered by the court," in Article 44.01(d). After noting that many in the legal community use such language to mean the act of rendering (or signing) by a trial judge, see *Jackson v. Gish*, 440 S.W.2d 121, 122–123 (Tex.Civ.App.—Waco 1969, writ ref'd n.r.e.), we concluded that that was the only sensible interpretation to give the language in Article 44.01(d):

> Taking into account both the terms "entered" and "court" in the phrase "entered by the court" in Art. 44.01(d), our reading of this phrase in the context of the statute as a whole leads to an interpretation that in this case the term "entered by the court" encompasses the signing of an order by the trial judge.

> \* \* \* \* \* \*

> Thus, a timetable based on the date of signature is a logical interpretation of Art. 44.01(d). Establishing a definite starting date for calculating appellate timetables serves the interests of all parties. We therefore find no conflict between Art. 44.01(d), V.A.C.C.P., and TEX.R.APP.PROC. 41(b)(1) (amended 1989).

*Rosenbaum*, 818 S.W.2d at 402.

■ Given our holding in *Rosenbaum*, it is clear that the State's notice of appeal here was not timely under Article 44.01(d) and Rule 41(b)(1). Thus, respondent has no ministerial duty to file the State's appeal.

The relief requested is denied.

WHITE, J., concurs in the result.

McCORMICK, Judge, dissenting.

The instant case presents in dramatic fashion the mischief that is potential in this Court's holding in *State v. Rosenbaum*, 818 S.W.2d 398 (Tex.Cr.App.1991). Importantly absent from the majority opinion are the facts underlying the present mandamus application.

On November 20, 1989, a grand jury sitting in the 198th Judicial District in McCulloch County (Brady, Texas) returned indictments against David J. Guzman, Boyd Harrold Pool, John Andrew Smith, Billie Sol Estes, and Load Star International, Incorporated. The indictments alleged the defendants engaged in organized criminal activity by conspiring to commit the offense of theft of trade secrets. On October 29, 1990, the defendants filed a motion to set aside the indictment. The trial court held a hearing on this motion on November 9, 1990, in Kerr County (Kerrville, Texas) [1] for the convenience of the parties.

The Court, in part, granted the motion to quash, reasoning that "theft of trade secrets" did not fall within the umbrella of

---

1. Brady and Kerrville are approximately 90 miles apart but are located in the same judicial district.

the theft provision of the organized crime statute. See V.T.C.A., Penal Code, Section 71.02. Following its announcement in open court, the trial court directed defense counsel to prepare the proposed order and tender it to the State's counsel for approval. Instead, defense counsel, ex parte, forwarded the order to Kerr County for the trial judge's signature. On Friday, November 16, 1990, while in Kerr County (Kerrville) the trial judge *signed* the order granting the defendants' motion and subsequently caused it to be mailed to the clerk in McCulloch County (Brady) for filing. The district clerk of McCulloch County *filed* the order on Tuesday, November 20, 1990. The clerk apparently assumed the State had notice that the order had been signed and filed because *no notice* was sent to the State's counsel, as is evidenced by the clerk's notation on the bottom of the Court's order indicating to whom copies were sent.

The State's counsel did not learn the order had been signed and filed until the afternoon of December 3, 1990, thirteen days after the *filing* and seventeen days after the *signing*. Immediately, on December 4, 1990 (fourteen days after the *filing* and eighteen days after the *signing*), the State filed notice of appeal from the trial court's order to dismiss the indictment by bench filing with the trial court judge and by FAXing a Notice of Appeal to the clerk of McCulloch County. The State's original Notice of Appeal reached the clerk by mail on December 6, 1990, and was filed the same day. The clerk of the Third Court of Appeals subsequently declined to file the State's appeal reasoning that the notice of appeal was not filed within fifteen days following the *signing* of the district court's order, pursuant to Article 44.01(d), V.A.C.C.P., and Tex.R.App.Proc. 41(b)(1).

The provisions of Article 44.01(d), V.A.C.C.P., being in linguistic conflict with Tex.R.App.Proc. 41(b)(1), must prevail over the Rule. More importantly, when the law imposes a time limitation upon a party, it should concomitantly provide some notice to that party. The "signing" of an order is not notice. The term "Entered of Record" as applied to criminal cases "is not synon-ymous with the term 'signed' but has a definite fixed meaning and refers to the ministerial act of the clerk in spreading the Court's judgment in the minutes of the Court." *Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984).

The facts presented in this cause should be sufficient to demonstrate the error in the majority's construction of Article 44.-01(d), V.A.C.C.P. Clearly, a party may be denied a right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal.

For these reasons, and the reasons expressed in Judge Baird's dissent, I dissent.

BAIRD, J., joins this dissent.

BAIRD, Judge, dissenting.

Finding myself in disagreement with a majority of this honorable Court, I respectfully dissent.

The record reflects that the order granting the motion to set aside the indictment was signed on November 16, 1990. The order was filed by the clerk on November 20, 1990. The State's notice of appeal was filed by the clerk on December 4, 1990.

Relying on *Rosenbaum v. State*, 818 S.W.2d 398 (Tex.Cr.App.1991), the majority concludes the State's notice of appeal was not timely. In *Rosenbaum* the Court reconciled any conflict between Tex.Code Crim.Proc.Ann. art. 44.01(d) and Tex.R.App.Pro. Rule 41(b)(1) by interpreting the phrases "entered by the court" and "signed by the trial judge" as being synonymous.

However, as I stressed in my concurring opinion in *Rosenbaum*, 818 S.W.2d at 403–05 (Baird, J., McCormick, P.J., concurring), I do not believe "entered" is synonymous with "signed." Rather, I believe the term "entered," as used by the Legislature in art. 44.01(d), is a legal term of art which means the clerical act of entry into the record. In *Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984), we specifically held, "the term 'entered,' [as applied to judg-

ments] is *not* synonymous with the term 'signed,' but has a definite fixed legal meaning and refers to the ministerial act of the clerk in spreading the court's judgment in the minutes of the court." [1] *Wilson,* 677 S.W.2d at 522. *Hopkins v. State,* 151 Tex. Crim. 304, 207 S.W.2d 626 (1948) ("Entered of record means entered in the minutes of the court."); *Ex parte Logan,* 151 Tex. Crim. 129, 205 S.W.2d 994, 995 (1947) (Entry of record means the recording of the notice of appeal in the minutes of the court.). Accordingly, the appellate timetable for the State to file notice of appeal began on November 20, 1990.

Under this interpretation there is no conflict between art. 44.01(d) and Rule 41(b)(1) if the appealable order is "signed" and "entered" on the same day. However, in situations where this interpretation creates a conflict between Art. 44.01(d) and Rule 41(b)(1), I believe the former takes precedence over the latter for two reasons. First, art. 44.01(d) is a statute which controls over a rule promulgated by this Court. Laws passed by the Legislature are binding on this Court, and we are not at liberty to adopt rules inconsistent with the laws passed by the Legislature.[2] Second, art. 44.01(d) is a specific statute governing the State's right to appeal. However, Rule 41, entitled "Ordinary Appeal—When Perfected," includes references to civil appeals, criminal appeals, extensions of time, and even includes a subsection entitled "Prematurely Filed Documents." Rule 41(c) Tex.R.App.P. Therefore, art. 44.01(d) is a specific statute which takes precedence over the general provisions of Rule 41. Tex.Gov't Code Ann. § 311.026.

Because the order in the case at bar was not "entered" until November 20, 1990, and the State filed its notice of appeal on December 4, 1990, which was not "later than the 15th date on which the order [was] entered by the court" I would conclude

Respondent has a ministerial duty to file the State's appeal.

With these comments, I respectfully dissent.

McCORMICK, P.J., joins this opinion.

---

1. Unless otherwise indicated, all emphasis herein is supplied by author.

2. The Texas Constitution provides that the legislature may delegate to the Supreme Court the power to promulgate "rules of administration *not inconsistent* with the laws of the state." Tex. Const. Art. V § 31(a). The Legislature has em-

powered the Supreme Court to do so in Tex. Gov't Code Ann. § 74.024. Before the Supreme Court adopts rules affecting the administration of criminal justice, the Supreme Court shall request the advice of the Court of Criminal Appeals. Tex.Gov't Code Ann. § 74.024(b).