COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )              No.  08-03-00145-CR

                                                                              )

IN RE: MIGUEL AVITIA                                     )     AN ORIGINAL PROCEEDING

                                                                              )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM
OPINION ON WRIT OF MANDAMUS

 

This is an
original proceeding in mandamus.  Miguel Avitia,
seeks a writ of mandamus requiring the Honorable Luis Aguilar, Judge of the
120th District Court of El Paso County, to vacate or rescind an order replacing
appointed counsel with another attorney. 
For the reasons stated below, we deny relief.

STANDARD OF REVIEW








To establish an
entitlement to mandamus relief, a relator must
satisfy two requirements:  (1) there must
be no adequate remedy at law to redress his alleged harm; and (2) the relator must have a clear right to the relief sought.  Buntion v. Harmon, 827 S.W.2d 945, 947-48 and n.2 (Tex.Crim.App. 1992); State ex rel.
Sutton v. Bage, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992). 
The second element has historically been stated in terms of requiring
that the judicial conduct from which relief is sought be Aministerial@
in nature.  Buntion,
827 S.W.2d at 947 n.2. 
An act is ministerial Awhen
the law clearly spells out the duty to be performed . . . with such certainty
that nothing is left to the exercise of discretion or judgment.@ 
Texas Dept. of Corrections v. Dalehite,
623 S.W.2d 420, 424 (Tex.Crim.App. 1981).  A ministerial act is not implicated if the
trial court must weigh conflicting claims or collateral matters which require
legal resolution.  State
ex rel. Hill v. Court of Appeals for the Fifth
District, 34 S.W.3d 924, 927 (Tex.Crim.App.
2001).  However, a so‑called
Adiscretionary@
act may become Aministerial@ when the facts and circumstances
dictate but one rational decision.  Buntion, 827 S.W.2d at 947 n.2.

APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

Based upon the
limited record provided to us, we are unable to conclude that Relator has a clear right to the relief he seeks.  Accordingly, we deny the relief requested in
the petition for mandamus.

 

 

April
10, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)