Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE


LUIS FERNANDO RODRIGUEZ,


Relator.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-04-00171-CR

AN ORIGINAL PROCEEDING 

IN MANDAMUS





 

 

 




OPINION ON PETITION FOR WRIT OF MANDAMUS
           This is an original proceeding in mandamus. Luis Fernando Rodriguez seeks a
writ of mandamus requiring the Honorable Alex Gonzalez, Judge of the County Court at
Law No. 4 of El Paso County, to grant him permission to appeal. For the reasons stated
below, we deny relief.
STANDARD OF REVIEW
           To establish an entitlement to mandamus relief, a relator must satisfy two
requirements: (1) there must be no adequate remedy at law to redress his alleged harm;
and (2) the relator must have a clear right to the relief sought. Buntion v. Harmon, 827
S.W.2d 945, 947-48 and n.2 (Tex. Crim. App. 1992); State ex rel. Sutton v. Bage, 822
S.W.2d 55, 57 (Tex. Crim. App. 1992). The second element has historically been stated
in terms of requiring that the judicial conduct from which relief is sought be “ministerial”
in nature. Buntion, 827 S.W.2d at 948 n.2. An act is ministerial “where the law clearly
spells out the duty to be performed . . . with such certainty that nothing is left to the
exercise of discretion or judgment.” Texas Dept. of Corrections v. Dalehite, 623 S.W.2d
420, 424 (Tex. Crim. App. 1981). A ministerial act is not implicated if the trial court
must weigh conflicting claims or collateral matters which require legal resolution. State
ex rel. Hill v. Court of Appeals for Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App.
2001). However, a so-called “discretionary” act may become “ministerial” when the facts
and circumstances dictate but one rational decision. Buntion, 827 S.W.2d at 948 n.2.
APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT
           Rodriguez entered a plea of guilty to misdemeanor theft and was sentenced to time
served pursuant to a plea bargain. Respondent subsequently denied Rodriguez’s request
for permission to appeal in order to challenge the voluntariness of his guilty plea. In this
mandamus proceeding, Rodriguez requests that we order Judge Gonzalez to grant
permission to appeal. A trial judge’s decision whether to grant permission to appeal is
not a ministerial act. Accordingly, we deny the relief requested in the petition for
mandamus.
                                                                  SUSAN LARSEN, Justice
July 15, 2004

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.

(Do Not Publish)