Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






IN RE: JAIME LUEVANO,

                            Relator.

§

§

§

§

§



No. 08-05-00001-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS




OPINION ON PETITION FOR WRIT OF MANDAMUS

           This is an original proceeding in mandamus. Jaime Luevano seeks a writ of
mandamus requiring the Honorable Judge of the 346th District Court of El Paso County to
dismiss a charge of retaliation. For the reasons stated below, we deny relief.
STANDARD OF REVIEW
           To establish an entitlement to mandamus relief, a relator must satisfy two
requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and
(2) the relator must have a clear right to the relief sought. Buntion v. Harmon, 827 S.W.2d
945, 947-48 and n.2 (Tex. Crim. App. 1992); State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57
(Tex. Crim. App. 1992). The second element has historically been stated in terms of
requiring that the judicial conduct from which relief is sought be “ministerial” in nature. 
Buntion, 827 S.W.2d at 948 n.2. An act is ministerial “where the law clearly spells out the
duty to be performed . . . with such certainty that nothing is left to the exercise of discretion
or judgment.” Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981). A ministerial act is not implicated if the trial court must weigh conflicting
claims or collateral matters which require legal resolution. State ex rel. Hill v. Court of
Appeals for Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). However, a
so-called “discretionary” act may become “ministerial” when the facts and circumstances
dictate but one rational decision. Buntion, 827 S.W.2d at 948 n.2.
APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT
           Based upon the limited record provided to us, we are unable to conclude that Relator
has a clear right to the relief he seeks. Accordingly, we deny the relief requested in the
petition for mandamus.
 
                                                                  RICHARD BARAJAS, Chief Justice
February 10, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)