COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )              
No.  08-05-00288-CR

                                                                              )

                                                                              )     AN ORIGINAL PROCEEDING

IN RE:  MARIA AUGUSTE                                 )

                                                                              )                 IN MANDAMUS

                                                                              )

                                                                              )

                                                                              )

 

 

OPINION
ON PETITION FOR WRIT OF MANDAMUS

 

This is an
original proceeding in mandamus. 
Relator, Maria Auguste, seeks a writ of mandamus requiring the Honorable
Angie Juarez Barill, Judge of the 346th District Court of El Paso County,
to vacate her order denying Relator=s
motion to disclose impeachment/Brady material. 
For the reasons stated below, we deny relief.

                                                       STANDARD
OF REVIEW








To establish an
entitlement to mandamus relief, a relator must satisfy two requirements:  (1) there must be no adequate remedy at law
to redress his alleged harm; and (2) the relator must have a clear right to the
relief sought.  Buntion v. Harmon,
827 S.W.2d 945, 947-48 and n.2 (Tex.Crim.App. 1992); State ex rel. Sutton v.
Bage, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992).  The second element has historically been
stated in terms of requiring that the judicial conduct from which relief is
sought be Aministerial@ in nature.  Buntion, 827 S.W.2d at 947-48
n.2.  An act is ministerial Awhere the law clearly spells out the
duty to be performed . . . with such certainty that nothing is left to the
exercise of discretion or judgment.@  Texas Dept. of Corrections v. Dalehite,
623 S.W.2d 420, 424 (Tex.Crim.App. 1981). 
A ministerial act is not implicated if the trial court must weigh
conflicting claims or collateral matters which require legal resolution.  State ex rel. Hill v. Court of Appeals for
Fifth District, 34 S.W.3d 924, 927 (Tex.Crim.App. 2001).  However, a so‑called Adiscretionary@
act may become Aministerial@ when the facts and circumstances
dictate but one rational decision.  Buntion,
827 S.W.2d at 947-48 n.2.

                 APPLICATION OF THE LAW TO
THE FACTS BEFORE THE COURT

Based upon the
record provided to us, we are unable to conclude that Relator has a clear right
to the relief she seeks.  Accordingly, we
deny the relief requested in the petition for mandamus.

 

 

 

September
8, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)