Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



IN RE: BETTI FLORES,

                      Relator.

§

§

§

§

§


No. 08-06-00079-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS




OPINION ON PETITION FOR WRIT OF MANDAMUS

           This is an original proceeding in mandamus. Relator, Betti Flores, seeks a writ of
mandamus requiring the Honorable Willie Dubose, sitting by assignment in the 41st District
Court in El Paso County, Texas, to grant Relator’s motion for continuance in order to
continue her trial a day beyond the El Paso County Democratic Party run-off election date.
STANDARD OF REVIEW
           To establish an entitlement to mandamus relief, a relator must satisfy two
requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and
(2) the relator must have a clear right to the relief sought. Buntion v. Harmon, 827 S.W.2d
945, 947-48 and n.2 (Tex. Crim. App. 1992); State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57
(Tex. Crim. App. 1992). The second element has historically been stated in terms of
requiring that the judicial conduct from which relief is sought be “ministerial” in nature. 
Buntion, 827 S.W.2d at 948 n.2. An act is ministerial “where the law clearly spells out the
duty to be performed . . . with such certainty that nothing is left to the exercise of discretion
or judgment.” Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981). A ministerial act is not implicated if the trial court must weigh conflicting
claims or collateral matters which require legal resolution. State ex rel. Hill v. Court of
Appeals for Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). However, a
so-called “discretionary” act may become “ministerial” when the facts and circumstances
dictate but one rational decision. Buntion, 827 S.W.2d at 948 n.2.
APPLICATION OF THE LAW TO THE FACTS
           Based upon the limited record provided to us, we are unable to conclude that Relator
has a clear right to the relief she seeks in her petition for writ of mandamus. Accordingly,
we deny the relief requested in the petition for writ of mandamus.
 
                                                                  RICHARD BARAJAS, Chief Justice
April 13, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)