NO. 07-07-0092-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 21, 2007



______________________________




THE STATE OF TEXAS, APPELLANT



V.



MOSES GALVAN RICO, JR., APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 17377-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ORDER ON MOTION FOR REHEARING


 By our Memorandum Opinion dated May 18, 2007, this Court dismissed the State's
appeal of the trial court's order to grant Appellee's motion to suppress due to the apparent
untimeliness of the State's notice of appeal. See Tex. Code Crim. Proc. Ann. art. 44.01(d)
(Vernon 2006); Tex. R. App. P. 26.2(b). By her Motion for Rehearing, the State
acknowledges that a review of the clerk's record as originally filed in this Court supports the
order of dismissal; however, she further argues that the original order complained of contains
a scrivener's error as to the date it was entered by the trial court. Agreeing with the State,
we grant the motion for rehearing, withdraw our original opinion and judgment of May 18,
2007. 

 In support of its Motion for Rehearing and argument, the State has caused to be filed
with this Court a supplemental clerk's record which contains an order with a corrected date
of entry, together with a letter from the trial court judge, the Honorable John B. Board,
wherein he acknowledges that he originally dated the order as of the date of the suppression
hearing, February 26, 2007. Judge Board further candidly acknowledges that the order was,
in fact, not signed until February 28, 2007, and the discrepancy in the two dates "was a
mistake on my part." As further support for his position that the order was not signed until
February 28th, Judge Board included a copy of his letter, dated February 28, 2007, wherein
he advised counsel of his ruling on Appellee's motion to suppress.

 The discrepancy in the date of signature is absolutely critical to a determination of
whether the State's notice of appeal was timely so as to invoke this Court's jurisdiction. The
State's authority to appeal an order of a trial court in a criminal proceeding is governed by
article 44.01 of the Texas Code of Criminal Procedure. It provides that the State may appeal
from an order granting a motion to suppress evidence if jeopardy has not attached in the
case, if the prosecuting attorney certifies to the trial court that the appeal is not taken for the
purposes of delay, and the evidence is of substantial importance to the case. See art.
44.01(a)(5). To perfect the State's right of appeal the prosecuting attorney must pursue the
appeal not later than the fifteenth day after the date on which the appealable order is
"entered" by the trial court. See art. 44.01(d). The date an appealable order is entered
means the date the order is signed by the trial court. State ex rel. Sutton v. Bage, 822
S.W.2d 55, 57 (Tex.Crim.App. 1992). The date of entry is critical because article 44.01(d)
is more than a procedural deadline; it is a substantive limit on the State's authority to appeal. 
State v. Muller, 829 S.W.2d 805, 812 (Tex.Crim.App. 1992). On the sixteenth day after the
appealable order is entered, the State's authority ceases and may not be revived. Id. 
Moreover, the Texas Rules of Appellate Procedure, specifically, Rule 44.3, (1) were not
intended and may not be used to enlarge the substantive rights of litigants. Id. See also
State v. Riewe, 13 S.W.3d 408, 412 (Tex.Crim.App. 2000). 

 In view of the importance of establishing the correct date of entry, this Court
requested that Appellee respond to the State's motion for rehearing. Although counsel for
Appellee did not admit that the actual date of entry was February 28th, neither did he dispute
the position being taken by the State that the order was in fact signed on that date. Although
the letter from Judge Board is not in the form of an affidavit, we find that the supplemental
clerk's record adequately supports our conclusion that the order which the State seeks to
appeal was, in fact, signed on February 28, 2007. Therefore, the notice of appeal filed
March 15, 2007, was timely.

 Acknowledging that this Court might take the position that the order was signed on
February 28th, Appellee argues the notice of appeal was defective because the prosecuting
attorney failed to sign the original notice of appeal. As we noted in our original opinion, the
State filed its first notice of Appeal on March 15, 2007, and a day later filed an amended
notice of appeal. The only difference between the two notices was that the first notice was
not signed by the prosecuting attorney, whereas the second notice was signed. The missing
signature appears to be the only difference because both documents contain the same
typographical error referring to the allegedly erroneous court as the 251st District Court,
instead of the 181st District Court. (2) 

 While we believe that the better practice is for the prosecuting attorney to sign the
notice of appeal, nothing in article 44.01 expressly requires it. (3) Article 44.01(d) requires that
the duly elected "prosecuting attorney" (and not an assistant) "make" the State's notice of
appeal within fifteen days of the date on which the order, ruling, or sentence to be appealed
is entered by the court. The prosecuting attorney "makes" an appeal by authorizing the filing
of a notice of appeal. Although the notice of appeal need not be signed by the prosecuting
attorney under the Texas Code of Criminal Procedure, something must evidence the
prosecuting attorney's express authorization. See Muller, 829 S.W.2d at 811 (holding that
the prosecuting attorney "makes" an appeal "through the physical act of signing the notice
or by personally and expressly authorizing an assistant to file a specific notice of appeal on
his behalf." (Emphasis added). We note that both notices contain a Certificate of Service
which is signed by the prosecuting attorney, James A. Farren. To the extent that our original
opinion may have indicated that the original notice of appeal was "not executed by the
Criminal District Attorney as required by article 44.01(i) of the Code," we were in error. The
Certificate of Service contained on the first notice of appeal is sufficient evidence that the
prosecuting attorney expressly authorized the "making" of this appeal. Accordingly, by virtue
of the motion for rehearing being granted, the clerk's record and the reporter's record
having been filed, the appeal will proceed in due course and the State's brief shall be due
within thirty days of the date of this order.

 It is so ordered.

 Per Curiam

 

Do not publish.
1. Rule 44.3 provides that no appeal shall be dismissed for formal defects or
irregularities in appellate procedure without allowing a reasonable time to correct or amend
the defects or irregularities.
2. Most likely the District Attorney's office merely used a form from it's last appeal of a
motion to suppress and failed to change the number of the allegedly erring trial court.
3. But see Tex. R. App. P. 9.1(a) (providing that if a party is represented by counsel, a
document filed on that party's behalf must be signed . . . .). However, a statute prevails over
a procedural rule. See generally Tex. R. Evid. 101(c) (providing that the Code of Criminal
Procedure trumps the Rules of Evidence).