

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00359-CR

The **STATE** of Texas,
Appellant

v.

Arturo **MARTINEZ**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 13-CR-727
Honorable Ana Lisa Garza, Judge Presiding

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 2, 2014

DISMISSED FOR WANT OF JURISDICTION

On March 31, 2014, the trial court signed an order granting Arturo Martinez's motion to suppress evidence.  On April 2, 2014, the State requested findings of fact and conclusions of law, which the trial court signed on April 28, 2014, and the trial court clerk filed on April 30, 2014.  On May 15, 2014, the State filed its notice of appeal, which stated the notice was timely given the date the trial court's findings of fact and conclusions of law were filed.

The State may appeal a trial court's order that "grants a motion to suppress evidence" under certain circumstances.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5), (d) (West Supp. 2014);

TEX. R. APP. P. 26.2(b). The statute does not authorize the State to appeal the trial court's findings of fact and conclusions of law. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a).

The trial court signed its order on March 31, 2014. The State's notice of appeal was due within twenty days, on April 21, 2014. *Id.* art. 44.01(d); TEX. R. APP. P. 26.2(b); *State v. Cullen*, 195 S.W.3d 696, 700 (Tex. Crim. App. 2006) ("[T]he time to perfect an appeal under Rule of Appellate Procedure 26.2 and Code of Criminal Procedure Article 44.01 is unaffected by the requirement that the trial court enter findings and conclusions if requested."); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (determining that the date the order was signed controls the timetable under article 44.01(d)). The State filed its notice on May 15, 2014; the notice was not timely. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(d); TEX. R. APP. P. 26.2(b); *Cullen*, 195 S.W.3d at 700.

On May 27, 2014, we ordered the State to show cause why this appeal should not be dismissed for want of jurisdiction. In response, the State filed a motion to dismiss the appeal.

Absent a timely-filed, written notice of appeal, this court lacks jurisdiction over the appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").

This appeal is dismissed for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH