# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00633-CR

**The State of Texas, Appellant**

**v.**

**John Allen Wachtendorf, Jr., Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 13-0197-K277, HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

John Allen Wachtendorf, Jr., filed a motion in the district court contending that the results of a test performed on a sample of his blood should be suppressed. After Wachtendorf filed his motion, the district court held a hearing to consider the matter. A few months later in another hearing, the district court informed the parties that after considering the evidence, it concluded that there were no exigent circumstances justifying the warrantless blood draw and stated that it was "going to grant the motion to suppress the blood draw." Upon hearing the district court's ruling, the State announced its intention to appeal the ruling.

On the same day that the district court announced its ruling, it signed an order granting the motion to suppress. Over a month after the district court made its ruling, the State filed a motion asking the district court to reconsider its prior ruling. When the district court held a hearing on the motion, Wachtendorf urged that the State had waived its right to appeal because it did not

timely file its notice of appeal. As support for this, Wachtendorf contended that the district court had signed an order granting the motion to suppress on the day that it announced its intention to grant the motion. In response, the State argued that it was unaware of the order. During the hearing, the district court determined that although it signed the order on the same day that it announced its ruling, the order was not filed at that time by the district court clerk. After the oversight was discovered, the previously signed order was filed by the district court clerk, but by that time, 80 days had passed from the date that the order had been signed. Within a few days of the hearing and the order being filed, the State filed its notice of appeal.

After the State filed its appeal, Wachtendorf filed a motion to dismiss contending that this Court does not have jurisdiction over this appeal because the appeal is untimely. The Code of Criminal Procedure sets out a deadline by which the State may appeal a trial court's order granting a motion to suppress. Tex. Code Crim. Proc. art. 44.01(a)(5), (d). In particular, the Code explains that the State may not "make an appeal . . . later than the 20th day after the date on which the order . . . is *entered by the court*." *Id.* (emphasis added). In light of this deadline, Wachtendorf insists that the State's appeal is untimely because it was not filed within 20 days of the district court signing the order granting the motion to suppress. On the other hand, the State contends that "it is fundamentally unfair" to deny the State "its right to appeal when it had no notice of a signed order from which it could appeal." When presenting this argument, the State also argues that the alleged unfairness is further compounded by the fact that the State cannot appeal oral rulings granting a motion to suppress and, therefore, has to wait until it learns that the trial court has, in fact, signed the order. *See State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012) (explaining that although State may appeal certain orders by trial courts, "[a]n oral ruling is not 'an order'").

2

When deciding what the phrase "entered by the court" means under article 44.01(d), the court of criminal appeals determined that the phrase means "the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). In other words, the court determined that "the appellate timetable for the State under Art. 44.01(d) begins running from the date the trial judge signs his or her order." *Id.* at 403; *see also id.* at 402 (explaining that "[e]stablishing a definite starting date for calculating appellate timetables serves the interests of all parties"). Although a majority of the court joined that result, a concurring opinion expressed the belief that the more appropriate construction of article 44.01(d) starts the running of the appellate deadline on "the date the signed order is file marked by the clerk." *Id.* at 405 (McCormick, J., concurring).

A few months later, the court reaffirmed the majority's position. *See State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 56-57 (Tex. Crim. App. 1992) (interpreting phrase "entered by the court" as meaning signing of order by trial judge and concluding that State's notice of appeal was not timely). Accompanying the majority opinion was a dissenting opinion criticizing the majority's holding and the reasoning from *Rosenbaum*. *See id.* at 57 (McCormick, J., dissenting) (explaining that "case presents in dramatic fashion the mischief that is potential in this Court's holding in" *Rosenbaum*). When criticizing the majority's reasoning, the dissenting justice expressed that, like in the present case, the State did not learn that the order had been signed until after the appellate deadline had run. *Id.* at 58. Accordingly, the dissenting justice warned that the majority's construction will deny a party the "right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal." *Id.* Moreover, the dissenting justice reasoned that "when the law imposes a time limitation

3

upon a party, it should concomitantly provide some notice to that party" and that "[t]he 'signing' of an order is not notice." *Id.*

Despite the criticisms expressed against the holding in *Rosenbaum*, the court has recently sanctioned that holding again. *See Sanavongxay*, 407 S.W.3d at 258-59 (explaining that article 44.01(d) authorizes State to appeal orders and that "our precedent requires that an order be in writing" and signed by trial court); *see also State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at *2-3 (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for publication) (dismissing State's appeal for want of jurisdiction when notice of appeal was not timely); *State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at *3 (Tex. App.—Amarillo June 21, 2007, order) (not designated for publication) (explaining that deadline under article 44.01(d) is more than procedural one and is instead substantive limit on State's authority to appeal, meaning that day after deadline has passed, State's ability to appeal "ceases and may not be revived").

In light of the governing case law and given that the State's notice of appeal was not filed within 20 days of the district court signing its order granting the motion to suppress, we must conclude that the State's appeal was not timely filed. *See* Tex. Code Crim. Proc. art. 44.01(d); *Rosenbaum*, 818 S.W.2d at 402. Although we recognize the limitations imposed by the court of criminal appeals' construction, we are nonetheless bound by that controlling precedent.

For these reasons, we grant Wachtendorf's motion and dismiss the State's appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (providing that "[a] timely notice of appeal is necessary to invoke a court of appeals' jurisdiction").

4

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   February 26, 2015

Do Not Publish