

# NUMBER 13-20-00433-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE EUSTORGIO GUZMAN RESENDEZ

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Relator Eustorgio Guzman Resendez filed a pro se petition for a writ of mandamus. We interpret Resendez's petition to raise two issues. First, Resendez seeks to compel respondents Omar Escobar, the District Attorney of Starr County, Texas; Salvador Zarate, Jr., a Starr County, Texas Justice of the Peace, and Norma Jean Farley, M.D., a pathologist, to open an inquest under Texas Code of Criminal Procedure 49.01.[1] *See*

---

[1] A jury convicted Resendez of capital murder in 1992 and sentenced him to life imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See Resendez v. State*, 860 S.W.2d 605 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd). This inquest relates to the deaths of Resendez's four victims, Ruben Pina, Gregorio Pina, Alejandro Garcia, and Juan Arguelles, whose bodies were "burned

TEX. CODE CRIM. PROC. ANN. art. 49.01 *et al*. Second, Resendez petitions this court to order the Honorable Judge Roberto (Bobby) Flores, presiding judge of the 139th Judicial District Court of Hidalgo County, to rule on a petition compelling the same.

"[M]andamus is a drastic remedy, to be invoked only in extraordinary situations." *State ex rel. Sutton v. Bage,* 822 S.W.2d 55, 57 (Tex. Crim. App. 1992). To obtain mandamus relief in criminal law matters in the courts of appeals, a relator must establish that (1) the act he seeks to compel is ministerial, rather than discretionary in nature, and (2) no other adequate remedy at law is available. *See Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 586 (Tex. Crim. App. 1993).

First, regarding Resendez's request that we compel respondents Escobar, Zarate, and Farley to order an inquest, we conclude we have no jurisdiction over this demand. Article V, section 6 of the Texas Constitution provides that the courts of appeals have original jurisdiction as prescribed by law. TEX. CONST. art. V, § 6. The Texas Government Code authorizes an intermediate appellate court to issue a writ of mandamus only against a judge of a district, statutory county, statutory probate county, or county court in its district; a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure in its district; and certain associate judges appointed pursuant to the Family Code. TEX. GOV'T CODE ANN. § 22.221(b). We may also issue a writ of mandamus in order to enforce our jurisdiction. *Id.* § 22.221(a)

Here, Resendez seeks mandamus relief against a justice of the peace. By a plain reading of the government code, we do not have jurisdiction to issue a writ of mandamus

---

beyond recognition" and found in a van "completely burned and riddled with bullet holes." *Id*. at 607.

against a justice of the peace.[2] *See id*.; *see also In Re Resendez*, No. 04-20-00386-CR, 2020 WL 4607065 (Tex. App.—San Antonio Aug. 12, 2020) (per curiam) (mem. op., not designated for publication). Moreover, this justice of the peace does not preside within our judicial district. *See* TEX. GOV'T CODE ANN. § 22.201(e) (providing that Starr County, Texas is under the jurisdiction of the Fourth Court of Appeals in San Antonio).

Second, we address Resendez's request that we order the Honorable Judge Flores to rule over a petition pending in his court. Resendez claims that his writ of mandamus, which requested Judge Flores to compel the respondents to open the inquest, has been pending in Judge Flores's court since February 27, 2020. "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). In the mandamus setting, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* A trial court is not required to consider a motion that has not been called to its attention by proper means. *Id.*

Resendez, however, has not met his burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Resendez has not shown that his motion has been presented to the trial court nor has he shown how long the motion has been pending since presentment. "The trial court is not required to consider a motion that has not been called

---

[2] As our jurisdiction is only over lower courts, we need not address Resendez's petition to mandamus a duly elected county district attorney or a pathologist.

to its attention by proper means." *In re Henry*, 525 S.W.3d at 382 (citing *In re J.B.H.*, No. 14-15-00114-CV, 2015 WL 732665 (Tex. App.—Houston [14th Dist.] Feb. 19, 2015, orig. proceeding) (mem. op.)). The record before us is not sufficient to establish Resendez's right to mandamus relief.

To the extent Resendez petitions this court to mandamus a justice of the peace to order an inquest, we DISMISS that issue for lack of jurisdiction. And regarding Resendez's request that we order Judge Flores to rule on a petition pending in his court, the Court concludes that relator has not met his burden to obtain relief and DENY this petition for writ of mandamus.[3]

> LETICIA HINOJOSA
> Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of October, 2020.

---

[3] We note that Resendez has filed similar petitions for writ of mandamus in the Fourth Court of Appeals and these petitions have been denied, as well. *See In re Resendez*, 501 S.W.3d 680 (Tex. App.—San Antonio 2016) (per curiam) (mem. op.); *In Re Resendez*, No. 04-20-00386-CR, 2020 WL 4607065 (Tex. App.—San Antonio Aug. 12, 2020) (per curiam) (mem. op., not designated for publication).