**Dismiss and Opinion Filed May 9, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00180-CR

**WILLIAM SEDRIC AUTREY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-81194-2010**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

On March 4, 2022, William Sedric Autrey filed a notice of appeal, "seeking to appeal any denial of his Nunc Pro Tunc Motion by the Trial Court, if that should happen." He attached a copy of his nunc pro tunc motion that he previously sent to the trial court asking for the court to "correct the sentencing judgment and make it reflect that all sentences will run concurrent to each other." The Collin County District Clerk forwarded the notice of appeal to this Court along with a document entitled "APPEAL SCHEDULE." On the schedule, the clerk noted: "Defendant is filing an Appeal on a Denial of Nunc Pro Tunc, which doesn't exist." We contacted the Collin County District Clerk's office to determine whether an order disposing of

appellant's motion had been signed. The district clerk confirmed that no order has been signed.

Appellant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed).

Although appellant filed a motion for a judgment nunc pro tunc, the trial court did not sign and enter an appealable order. Therefore, appellant's notice of appeal does not confer jurisdiction upon this Court. *See Sanavongxay*, 407 S.W.3d at 259.

Under these circumstances, we must dismiss this appeal.

/Lana Myers//

220180f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

LANA MYERS
JUSTICE

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM SEDRIC AUTREY,
Appellant

No. 05-22-00180-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-81194-2010.
Opinion delivered by Justice Myers. Justices Carlyle and Goldstein participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 9th day of May, 2022.