**DISMISSED and Opinion Filed June 16, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00254-CR**

**EX PARTE RYLNEL MAURICE PRINCE**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 21-50438-422-F**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Rylnel Maurice Prince appeals the trial court's determination to not reduce his pretrial bail. We dismiss the appeal for want of jurisdiction.

The record shows appellant's original counsel filed an application for writ of habeas corpus seeking a reduction in his $150,000 bail. Original counsel withdrew from representation before the trial court ruled on the application and a second counsel was appointed. On November 2, 2021, appellant's second appointed counsel filed another application for writ of habeas corpus seeking a reduction in bail. On December 15, 2021, the trial court conducted a hearing on appellant's writ application. At the conclusion of the hearing, the trial court left appellant's $150,000 bond unchanged. The trial court documented its oral ruling with a written order

signed and filed on December 15, 2021. No timely appeal was taken from the trial court's order.

Subsequently, appellant's second counsel was permitted to withdraw from representation and, after a brief period of representation by a public defender, appellant began representing himself. Appellant has filed six applications for writ of habeas corpus, none of which appear to be have been taken up by the trial court. There are no written orders addressing any of the pro se habeas applications.

The record further shows appellant filed a "notice of appeal for bond reduction" on March 8, 2022, and a "notice of appeal for bail reduction" on March 24, 2022. Only the second notice of appeal was forwarded to this Court.

To appeal a trial court ruling denying habeas relief, an appellant must timely file a sufficient notice of appeal. *See* TEX. R. APP. P. 25.2(b). To be timely filed, the notice of appeal must be filed within thirty days after the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). An appealable order is entered when the trial court signs a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012); *Rodarte*, 860 S.W.2d at 110; *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding).

In this case, appellant's notices of appeal were filed too late to appeal the trial court's December 15, 2022 written order denying habeas relief. *See* TEX. R. APP. P.

26.2(a)(1); *Rodarte*, 860 S.W.2d at 110. There are no written orders ruling on any of appellant's pro se habeas applications. Thus, the Court does not have jurisdiction over the appeal. *See Sanavongxay*, 407 S.W.3d at 259.

By letter issued April 18, 2022, the Court informed appellant that it questioned its jurisdiction over the appeal. The Court's letter warned that it might dismiss the appeal for want of jurisdiction after May 9, 2022 unless either a supplemental clerk's record was filed showing the trial court had ruled on one of appellant's pro se applications for writ of habeas corpus or appellant filed a letter brief showing the Court has jurisdiction over the appeal. To date, no supplemental clerk's record containing a final order has been filed, and appellant has not filed a letter brief explaining any basis for the Court to exercise jurisdiction.

Concluding we lack jurisdiction, we dismiss the appeal.

/Amanda L. Reichek/
AMANDA L. REICHEK
220254f.u05                                           JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

–3–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE RYLNEL MAURICE
PRINCE

No. 05-22-00254-CR

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 21-50438-422-
F.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 16th day of June, 2022.