**DISMISS and Opinion Filed July 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00689-CR**

**DEENA RUNELL RUTLEDGE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-25306-S**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Nowell
Opinion by Chief Justice Burns

On July 18, 2022, the Dallas County District Clerk forwarded a document entitled "Appeal of Trial Court's Disapproval of Request for Payment of Court Appointed Attorney's Fees" with the above caption and cause number. Included with the notice of appeal were copies of the trial court's order placing Rutledge on deferred adjudication and the trial court's certification stating that was the result of a plea bargain case and Rutledge has no right to appeal. After reviewing these documents, we dismiss.

Rutledge was charged with aggravated assault with a deadly weapon. She pleaded guilty and waived her right to appeal in exchange for the State's

recommendation that she be placed on deferred adjudication probation for two years. The trial court followed the plea bargain agreement and placed her on deferred adjudication probation for two years. Thereafter, Rutledge's trial counsel, Stuart Parker, requested payment of his court appointed attorney's fees. When the trial court did not sign or disapprove of the request, he filed an appeal which was forwarded to this Court by the Dallas County District Clerk.

Under article 26.05 of the code of criminal procedure, an "attorney whose request for payment is disapproved or is not otherwise acted on by the 60th day after the date the request for payment is submitted may appeal the disapproval or failure to act by **filing a motion with the presiding judge of the administrative judicial region**. On the filing of a motion, the presiding judge of the administrative judicial region shall review the disapproval of payment or failure to act and determine the appropriate amount of payment. In reviewing the disapproval or failure to act, the presiding judge of the administrative judicial region may conduct a hearing." TEX. CODE CRIM. PROC. ANN. art. 26.05(c) (emphasis added).

An appellant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding)

(determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed). Here, there is no written order on counsel's request for payment. Furthermore, the code of criminal procedure specifically provides that appointed counsel may appeal by filing a motion with the presiding judge of the administrative judicial region. TEX. CODE CRIM. PROC. ANN. art. 26.05(c). Nothing in the code provides for review by this Court.

Because we lack jurisdiction, we dismiss this appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220689F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEENA RUNELL RUTLEDGE,
Appellant

No. 05-22-00689-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-25306-S.
Opinion delivered by Chief Justice
Burns. Justices Myers and Nowell
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered July 21, 2022