**DISMISS and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00741-CR**
**No. 05-22-00742-CR**

**JOSIAH ANDREW SALINAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-71443-R & F20-75253-R**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Josiah Andrew Salinas was charged with aggravated robbery and capital murder. He entered into a plea bargain agreement with the State in which he agreed to plead guilty and waive his right to appeal in each case in exchange for the State's agreement to drop the capital murder charge to murder and recommend a forty-year sentence in each case. The trial court followed the plea agreement, found appellant guilty, and sentenced him to forty years in prison in each case.

On July 29, 2022, appellant filed a notice of appeal, stating he filed a motion for DNA testing on June 28, 2022 and the trial court had "not made a ruling."

An appellant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed).

Although appellant states he filed a motion for DNA testing in the trial court, the trial court has not signed or entered any appealable orders in these cases. Therefore, appellant's notice of appeal does not confer jurisdiction on this Court. *See Sanavongxay*, 407 S.W.3d at 259.

We dismiss these appeals.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220741F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOSIAH ANDREW SALINAS,
Appellant

No. 05-22-00741-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-71443-R.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered August 23, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JOSIAH ANDREW SALINAS, Appellant

No. 05-22-00742-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-75253-R. Opinion delivered by Justice Reichek. Justices Molberg and Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered August 23, 2022