**DISMISS and Opinion Filed November 8, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00830-CR

**SHEDRICK THORNTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. WX22-91179-H**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

Shedrick Thornton appeals the trial court's oral statement that limitations barred his application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure. Appellant also contends the trial court erred by not granting appellant's application for writ of habeas corpus. We conclude we lack jurisdiction over this appeal, and we dismiss the appeal.

Appellant was convicted on January 12, 2017, of violating a protective order and sentenced to ten years' imprisonment. The trial court suspended the sentence and placed appellant on community supervision for ten years. On June 6, 2022,

appellant filed his application for writ of habeas corpus under article 11.072. The State filed a response to the application on November 14, 2022. However, as of the date of this opinion, the trial court has not yet ruled on the application. Appellant states in his notice of appeal that the trial court stated on August 8, 2023, "the statute of limitations had expired for issuing a ruling in cause no. WX22-91179-H, and it is a decision the Court of Appeals, Fifth District, Dallas would have to render."

An appellant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed).

In this case, the appellate record does not show that the trial court has signed an appealable order. There is no signed, written order denying appellant's application for writ habeas corpus. Nor does the appellate record show that the trial court stated the application was barred by limitations.

We conclude we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

230830F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHEDRICK THORNTON,
Appellant

No. 05-23-00830-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. WX22-91179-H.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 8th day of November 2023.