# NO. 12-14-00272-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

§

*IN RE: RICHARD WAYNE TAYLOR,*     §     *ORIGINAL PROCEEDING*
*RELATOR*

§

_____

### MEMORANDUM OPINION
### PER CURIAM

Relator, Richard Wayne Taylor, appearing pro se, seeks a writ of mandamus directing the trial court to sign a written order memorializing its denial of Relator's third motion for substitute defense counsel. We deny the petition.

The court of criminal appeals has characterized mandamus as a "drastic remedy," and cautioned that it is to be invoked only in "extraordinary situations." *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding). Consequently, mandamus relief is available in a criminal case only when a relator establishes that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

In the instant case, the trial court conducted a hearing on Relator's third motion for appointment of substitute defense counsel and denied the motion. Relator alleges that on or about September 2, 2014, he filed a second request for the trial court to "enter ruling" and sign Relator's proposed written order denying the motion. Relator complains that the trial court has failed to comply with his request, thereby violating a ministerial duty, and that he has no adequate remedy at law for the violation. In essence, Relator seeks a writ of mandamus directing the trial court to consider and rule on a motion.

1

To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). Generally, a trial court has a nondiscretionary duty to consider and rule on a motion within a reasonable time. *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). But a trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Merely filing a motion with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *Id.* It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id.*

The record here includes a copy of the trial court's docket sheet and a "facsimile copy" of Relator's request for the trial court to sign his proposed order. The record does not include a file marked copy of Relator's request to the trial court or a copy of the proposed order. *See* TEX. R. APP. P. 52.(k)(1); 52.7(a)(1) (requiring certified or sworn copy of document showing matter complained of and every other document material to claim for relief and filed in underlying proceeding). Without these documents, we are unable to verify the date they were filed or conclude that the trial court had a ministerial duty to sign the order as presented.[1] Nor has Relator shown that his request has been called to the attention of the trial court. *See In re Chavez*, 62 S.W.3d at 228. Therefore, Relator has not established his entitlement to mandamus relief. Accordingly, we ***deny*** Relator's petition for writ of mandamus. All pending motions are dismissed as moot.

Opinion delivered September 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Based on Relator's allegations, we note that his request and proposed order have been filed for less than thirty days.

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2014**

**NO. 12-14-00272-CR**

**RICHARD WAYNE TAYLOR,**
Relator
v.
**HON. PAUL E. WHITE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **RICHARD WAYNE TAYLOR**, who is the relator in Cause No. 2014-0049, pending on the docket of the 159th District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on September 18, 2014, and the same having been duly considered, because it is the opinion of this Court that A Writ of Mandamus Should Not Issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*