ACCEPTED
03-14-00633-CR
3954837
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/29/2015 4:19:52 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00633-CR

In the
Court of Appeals for the Third District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/29/2015 4:19:52 PM
JEFFREY D. KYLE
Clerk

_____

On Appeal from the 368th Judicial District Court, of
Williamson County, Texas
In Cause No. 13-0197-K277

_____

THE STATE OF TEXAS
*Appellant*
v.
JOHN ALLEN WACHTENDORF, JR.,
*Appellee*

_____

STATE'S RESPOSNSE TO APPELLANT'S MOTION TO DISMISS

_____

**TO THE HONORABLE COURT**:

**COMES NOW** Appellant, the State of Texas, by and through the undersigned assistant district attorney, and files this response to Appellant's Motion to Dismiss.

The State contends that this Court should hear this appeal because it is fundamentally unfair to deny any party, including the State, its right to appeal when it had no notice of a signed order from which it could appeal. This is particularly true when the State, unlike a defendant, cannot appeal an oral ruling, leaving the State no option for appeal prior to the signing of said order.

In support hereof, Appellant would show this Court the following:

I.

Appellee filed his Motion to Suppress on January 16, 2014. The trial court held a hearing on the Motion to Suppress on February 14, 2014, but did not announce its ruling until a further hearing on July 7, 2014. This announcement was made orally, in open court, and the State immediately announced its desire to appeal the trial court's decision. R.R. vol. 3 p.5[1]. On August 19, 2014, the State filed a Motion to Reconsider the granting of the motion to suppress.

The trial court subsequently held a hearing on the State's motion on September 25, 2014 and heard additional evidence regarding its decision. At the conclusion of that hearing, trial counsel for Appellee argued that the state had waived its right to appeal by failing to timely file notice of appeal. R.R. vol. 4 p.64. The trial court then stated, "the only issue is whether it needs to be in writing," indicating the court was not clear on whether there yet existed a signed order. R.R. vol. 4 p.65. Defense counsel then stated that there was, in fact, a signed, written order, dated July 7, 2014, to which both attorneys representing the State immediately responded they had no notice or knowledge of the existence of any such order. R.R. vol. 4 p.66. The trial court looked, then found the order and noted that it had not been file-stamped by the clerk. R.R. vol. 4 p.67. That signed order

---

[1] Although Appellee attached portions of the transcript as exhibits, Appellant will cite directly to the reporter's record for clarity as Appellant notes that the reporter's record was filed with the court in this case on January 9, 2015.

was then filed by the clerk on September 25, 2014, eighty days after the judgment was apparently signed. The State filed its notice of appeal five days after this hearing on September 30, 2014.

## II.

While Appellee cites *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993) for the general proposition that an oral ruling prevails over a written order, the court in *Rodarte* was addressing a defendant's right to appeal and drew a distinction between the procedures for that right and the State's right to appeal. The court specifically stated:

> The court of appeals construed the rule to provide: "When a defendant appeals from a conviction in a criminal case, the time to file notice of appeals runs from the date sentence is imposed or suspended in open court. When some other action of the trial court is appealed, such as that from which the State may appeal in article 44.01[, V.A.C.C.P.] or a habeas corpus matter from which the applicant may appeal, the appellate timetable begins with the signing of the particular order.² *Rodarte,* supra at 784-85." We agree. *Rodarte* at 109.

and

> Appellant reminds us that in *State v. Rosenbaum, 818S.W.2d 398 (Tex.Cr.App. 1991)*, we held that a State's notice of appeal from an order dismissing a portion of the indictment begins on the day the trial court signed the order. For purposes of *Article 44.01(d), V.A.C.C.P.*, we construed entered by the court to mean signed by the trial judge. *Rodarte* at 110.

The *Rodarte* court then held that the *Rosenbaum* decision's requirement of written order for State's ability to appeal "does not impede our conclusion that notice of appeal following a judgment of conviction must be filed within thirty days after the sentence is imposed or suspended in open court, according to the plain terms of

*Rule 41(b)(1)." Id.*

Under *Rodarte* and *Rosenbaum*, the latter being the primary case on this issue generally, the Court of Criminal Appeals has held that an order must be signed to be entered for the purposes of starting the calculation of the State's deadline to file its notice of appeal. Further, more recently in 2012, the Court of Criminal Appeals again reaffirmed this general principle in holding, directly on point in this case, that the State cannot appeal an oral ruling granting a motion to suppress. *State v. Sanavongxay*, 407 S.W.3d 252 (Tex. Crim. App. 2012). Therefore, the State could not appeal the trial court's oral pronouncement granting the Motion to Suppress on July 7, 2014.

Further, it is clear from the record that the State expressed in open court, without objection or contest, that the State's attorneys received no notice that the trial court actually signed any such order. In fact, the State filed its notice of appeal in this cause, five days after it learned, on September 25, 2014, of the existence of the signed order.

The Court of Criminal Appeals did hold in *State ex rel Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992) that the State's notice of appeal was untimely where a clerk did not file an appealable order until four days after the trial judge signed it and where the date the State filed their notice of appeal was late based off the date the order was signed but not off the date the order was filed by the clerk.

However, this decision came in the context of a Writ of Mandamus, a "drastic remedy" requiring "a clear right to relief sought," such that the relator is "seeking to compel a ministerial duty." *Id* at 57. Certainly, whether to grant that kind of relief is a different question than whether the State is entitled to relief when the actions or inaction of a court or a clerk work to deny the State notice of its ability to assert its right to appeal.

Presiding Judge McCormick's dissent in *Sutton*, succinctly describes the very problem at issue here, saying,

> when the law imposes a time limitation upon a party, it should concomitantly provide some notice to that party . . . Clearly, a party may be denied a right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal. *Id* at 58.

The Court of Appeals in Amarillo, cited this dissent, in finding a State's notice of appeal timely where the court directed its ruling to become entered and final after singing, *State v. Poe*, 900 S.W.2d 442, 444 (Tex. App.—Amarillo 1995). In so doing, the Amarillo Court said, "Indeed, any other result would be tantamount to allowing a trial court to implicitly and lawfully deny the State its statutory right to appeal specific criminal matter by signing yet withholding the order until the appellate period lapsed. A court's inherent power should not extend so far." *Id*.

Appellee is correct that *State v. Cowsert*, 207 S.W.3d 347 (Tex. Crim. App.

2006) makes clear that the hearing held on September 25, 2014, in response to the State's Motion to Reconsider does not change the statutory limits on the State's right to appeal. Rather, that hearing merely provided the trial court with additional evidence on the merits of the Motion to Suppress. Appellee is also correct that *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006), makes clear the trial court's failure to provide the findings of fact and conclusions of law the State requested does not change the requirement that the State file its notice of appeal timely.

None of that, however, changes the fundamental fact that the State received no notice of the signing of the order and had no other way to effectively assert its right to appeal the trial court's ruling other than to file timely notice of appeal from a signed, written order. The fact that the State did file its notice of appeal five days after becoming aware of the signed, written order, is evidence both of its desire to appeal and its attempt to comply with the rules of appellate procedure given the circumstances in this case.

The State here is in exactly the situation that so worried Judge McCormick in his dissent in *Sutton*. To dismiss the instant appeal as Appellee requests would defy the fundamental and obvious principle of justice that a deadline to assert a right is only enforceable upon notice to the party having such a right that the clock on that deadline has begun ticking. The Amarillo Court of Appeals was persuasive

and correct when it stated in *Poe* that the no court's power should extend to the point of denying a party its right simply by withholding that notice.

This court should not, in the name of clarity of rules and process, work such an unfair denial of any party's right to appeal.

III.

WHEREFORE PREMISES CONSIDERED, Appellant respectfully requests that this Court deny Appellee's Motion to Dismiss.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
John C. Prezas
Assistant District Attorney
State Bar Number 24041722
405 Martin Luther King #1
Georgetown, Texas 78626
(512) 943-1248
(512) 943-1255 (fax)
jprezas@wilco.org

Certificate of Service

This is to certify that on January 29, 2015, a copy of the foregoing motion was sent to Appellee's attorney of record, Ms. Kristen Jernigan, via certified mail to 207 S. Austin Ave., Georgetown, TX 78626.

/s/ John C. Prezas
John C. Prezas