NO._____

---

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

THE STATE OF TEXAS
Petitioner

vs.

JOHN ALLEN WACHTENDORF, JR.
Respondent

---

ON PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN,
NO. 03-14-00633-CR

---

STATE'S PETITION FOR DISCRETIONARY REVIEW

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 18, 2015

ABEL ACOSTA, CLERK

Jana Duty
District Attorney
Williamson County, Texas

John C. Prezas
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas  78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

ORAL ARGUMENT REQUESTED

# IDENTIFICATION OF PARTIES

<u>Appellant: State of Texas</u>

Trial Counsel:
     Danny Smith, SBN: 24046867
     Elizabeth Whited, SBN: 24060823
     405 MLK St., Box 1,
     Georgetown, TX 78626

Appellate Counsel:
     John C. Prezas, SBN: 24041722
     405 MLK St., Box 1,
     Georgetown, TX 78626

<u>Appellee: John Allen Wachtendorf</u>

Trial Counsel:
     Carissa Beene, SBN: 24071967
     215 W. University Ave.
     Georgetown, TX 78626

Appellate Counsel:
     Kristen Jernigan, SBN: 90001898
     207 S. Austin Ave.
     Georgetown, TX 78626

# TABLE OF CONTENTS

## Contents

IDENTIFICATION OF PARTIES ...................................................................................2

TABLE OF CONTENTS.................................................................................................3

INDEX OF AUTHORITIES............................................................................................5

STATEMENT REGARDING ORAL ARGUMENT ..............................................6

STATEMENT OF THE CASE ........................................................................................6

STATEMENT OF PROCEDURAL HISTORY.............................................................6

GROUNDS FOR REVIEW ............................................................................................7

ARGUMENT .....................................................................................................................7

   1.    The State had No Notice of the Signing of the Order Granting the Motion to Suppress. .....................................................................................................................7

   2.    This Court's Existing Precedent Allows Appeal Only from the Signed Order of which the State Lacked Notice...............................................................................8

   3.    The 3rd Court of Appeals Misinterpreted Existing Precedent and This Court Should Revise Such Precedent to Clearly Require that the State Have Notice of an Appealable Order to Begin its Timeframe for Filing Notice of Appeal...........9

     a.    The Precedent Relied Upon by the 3rd Court of Appeals is Distinguishable......................................................................................................9

     b.    The Very Worry the Presiding Judge Expressed in the *Sutton* Case has Come to Pass Here and This Court Should Rectify the Unfairness it Creates. 11

     c.    The Issue of the State's Knowledge of an Appealable Order is an Important Question of Texas Law Decided by the 3rd Court of Appeals with Broad Impact on All Future State's Appeals.  This Court Should Clearly Settle this Issue to Provide Guidance to State Appellate Attorneys and the Courts of Appeal. .......................................................................................................12

PRAYER ..........................................................................................................................13

CERTIFICATE OF SERVICE ....................................................................14

CERTIFICATE OF COMPLIANCE.........................................................14

APPENDIX ..............................................................................................15

# INDEX OF AUTHORITIES

### C<small>ASES</small>

*Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993)................................6

*State ex rel Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992)....................7, 9

*State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at \*2-3
   (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for
   publication) ................................................................................................8

*State v. Poe*, 900 S.W.2d 442, 444 (Tex. App.—Amarillo 1995) ...........................9

*State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at \*3 (Tex.
   App.—Amarillo June 21, 2007, order) (not designated for publication) .............8

*State v. Rosenbaum,* 818 S.W.2d 398 (Tex. Crim. App. 1991)...............................6

*State v. Sanavongxay*, 407 S.W.3d 252 (Tex. Crim. App. 2012) ........................6, 8

*State v. Wachtendorf*, 2015 Tex. App. LEXIS 1796 No. 03-14-00633-CR (Tex.
   App.—Austin, delivered February 26, 2015) ...................................................4, 7

## STATEMENT REGARDING ORAL ARGUMENT

Because this petition involves a request to revisit and clarify existing precedent, oral argument will prove helpful primarily in addressing the policy and practical concerns behind this request.

## STATEMENT OF THE CASE

Appellee was indicted for Driving While Intoxicated 3rd or More. He filed a Motion to Suppress Evidence, which the trial court granted outside the State's presence and without its knowledge. The State appealed within five days of becoming aware, in open court, of the trial court's order. Appellee filed a motion to dismiss the State's appeal, to which the State responded. The 3rd Court of Appeals granted Appellee's motion and dismissed the State's appeal. This Petition challenges that dismissal.

## STATEMENT OF PROCEDURAL HISTORY

On February 26, 2015, the court of appeals dismissed the State's appeal for want of jurisdiction. *State v. Wachtendorf*, 2015 Tex. App. LEXIS 1796 No. 03-14-00633-CR (Tex. App.—Austin, delivered February 26, 2015). Given the nature and basis of that decision, the State did not file a motion for rehearing.

6

## GROUNDS FOR REVIEW

This Court should revisit the existing precedent that the 3rd Court of Appeals misinterpreted, to clarify for the various courts of appeal, and to avoid a manifest unfairness in future State's appeals, that the strict timeline for the State's notice of appeal is predicated upon and requires that the State has adequate notice of the existence of a signed appealable order.

## ARGUMENT

1. **The State had No Notice of the Signing of the Order Granting the Motion to Suppress.**

The trial court held its initial hearing an Appellee's motion to suppress on February 14, 2014, and made an oral ruling in open court granting the motion on July 7, 2014. R.R. vol. 3 p. 5. The State immediately announced its desire to appeal the trial court's decision. R.R. vol. 3 p. 5. The State then filed a motion asking the trial court to reconsider its decision. The trial court held a hearing on that motion on September 25, 2014 and received additional evidence. R.R. vol. 4.

At the September hearing the State learned for the first time that the trial court had signed a written order dated July 7, 2014, that was not file stamped. R.R. vol. 4 p. 64-67. The record is clear that the State had no prior notice of the existence of a signed order. R.R. vol. 4 p. 66-67. The State filed its notice of

appeal five days after it learned of the order, on September 30, 2014. C.R. p. 48-49.

## 2. This Court's Existing Precedent Allows Appeal Only from the Signed Order of which the State Lacked Notice.

This Court has held that the timeframe for filing a State's notice of appeal begins on the day the trial court signs the appealable order. *State v. Rosenbaum,* 818 S.W.2d 398 (Tex. Crim. App. 1991). *See also Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993)(distinguishing this requirement for a State's notice of appeal from the general proposition that an oral ruling prevails over a written order in the context of addressing a defendant's right to appeal); *State v. Sanavongxay*, 407 S.W.3d 252 (Tex. Crim. App. 2012)(State cannot appeal an oral ruling granting a motion to suppress).

Thus, the State had no ability to appeal from the trial court's oral pronouncement that it intended to grant to the motion to suppress.

**3. The 3ʳᵈ Court of Appeals Misinterpreted Existing Precedent and This Court Should Revise Such Precedent to Clearly Require that the State Have Notice of an Appealable Order to Begin its Timeframe for Filing Notice of Appeal.**

**a. The Precedent Relied Upon by the 3ʳᵈ Court of Appeals is Distinguishable.**

Despite stating, "we recognize the limitations imposed by the Court of Criminal Appeals' construction," the 3ʳᵈ Court of Appeals felt that this Court's precedent bound them to dismiss the State's appeal. *State v. Wachtendorf*, 2015 Tex. App. LEXIS 1796 No. 03-14-00633-CR,(Tex. App.—Austin, delivered February 27, 2015)(not designated for publication).

First, the 3ʳᵈ Court cited *State ex rel Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992), where the State's notice of appeal was held untimely when a clerk did not file an appealable order until four days after the trial judge signed it and the State filed their notice of appeal late because it based its filing date on the date the order was filed by the clerk rather than the date it was actually signed. However, this Court decided *Sutton* in the context of a Writ of Mandamus, a "drastic remedy" requiring "a clear right to relief sought," such that the relator is "seeking to compel a ministerial duty." *Id* at 57. Certainly, whether to grant that kind of relief is a rather different question than whether the State is entitled to

9

relief when the actions or inaction of a court or a clerk work, however inadvertently, to deny the State its statutory ability to appeal simply by denying notice of the entry of a written order.

The 3rd Court also cited *State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at *2-3 (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for publication) and *State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at *3 (Tex. App.—Amarillo June 21, 2007, order) (not designated for publication) as dismissals where State's notice of appeal was untimely. However, neither of these cases involved a situation where the court failed to give any notice or indication that it had signed an appealable order.

Finally, the 3rd Court cited *State v. Sanavongxay*, 407 S.W.3d 252, 258-259 (Tex. Crim. App. 2012). In *Sanavongxay* this Court confronted a situation where the trial court had signed no orders at all and held that precedent required a written order for the State to have the ability to appeal. This Court explicitly did not address claims by the State that a court could effectively deny the State its right to appeal simply by refusing to enter a written order. *Id* at 257.

**b. The Very Worry the Presiding Judge Expressed in the *Sutton* Case has Come to Pass Here and This Court Should Rectify the Unfairness it Creates.**

Presiding Judge McCormick's dissent in *Sutton* succinctly describes the very problem at issue here, addressed only indirectly in previous precedent, saying, "when the law imposes a time limitation upon a party, it should concomitantly provide some notice to that party . . . Clearly, a party may be denied a right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal." *State ex rel Sutton v. Bage*, 822 S.W.2d at 58.

The Court of Appeals in Amarillo, cited this dissent, in finding a State's notice of appeal timely where the court directed its ruling to become entered and final after singing, *State v. Poe*, 900 S.W.2d 442, 444 (Tex. App.—Amarillo 1995). In so doing, the Amarillo Court said, "Indeed, any other result would be tantamount to allowing a trial court to implicitly and lawfully deny the State its statutory right to appeal specific criminal matter by signing yet withholding the order until the appellate period lapsed. A court's inherent power should not extend so far." *Id*. (internal citation omitted).

11

While the Amarillo Court of Appeals is correct, this Court finally has, via this petition, the facts before it to clearly hold that a court's inherent power indeed does not extend that far.

**c. The Issue of the State's Knowledge of an Appealable Order is an Important Question of Texas Law Decided by the 3rd Court of Appeals with Broad Impact on All Future State's Appeals. This Court Should Clearly Settle this Issue to Provide Guidance to State Appellate Attorneys and the Courts of Appeal.**

By granting this petition, this Court can provide guidance to all intermediate courts and guidance to all appellate prosecutors seeking to properly preserve and assert the State's ability to appeal an adverse ruling, such as the motion to suppress evidence here.

While it is reasonable to assume that this Court did not mean by its decision in *Rosenbaum* to require the State file its notice of appeal within twenty days of an event it is not aware has occurred, the 3rd Court of Appeals, and likely other courts of appeal as well, believe that the holdings this Court has rendered require such a result.

It is a fundamental principle of our criminal procedure that a party must have notice of the event triggering a timeframe within which it must assert its rights or

seek its remedies. This Court should grant this petition to clearly hold that the State must have notice that an appealable order has been signed before the clock begins to run on the time within which it must file its notice of appeal.

## PRAYER

Therefore, the State prays that this Court grant this petition and review the 3rd Court of Appeals opinion dismissing the State's appeal, reverse or vacate that order, remand this case to the 3rd Court of Appeals to be heard on the merits, and for any and all other relief to which the State may justly be entitled.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
John C. Prezas
Assistant District Attorney
State Bar Number 24041722
405 Martin Luther King #1
Georgetown, Texas 78626
(512) 943-1248
(512) 943-1255 (fax)
jprezas@wilco.org

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, I electronically filed the foregoing document with the clerk of the court for the Texas Court of Criminal Appeals, using the efile.txcourts.gov system. Via that system, a "Notice of Electronic Filing" was sent to Appellee's appellate attorney of record, Kristen Jernigan 207 S. Austin Ave., Georgetown, TX 78626, at kristen@txcrimapp.com and to the State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711-3046, at information@spa.texas.gov.

/s/ John C. Prezas
John C. Prezas

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 1,407 words, after applicable exclusions, in

compliance with Rule 9.4(i) of the Texas rules of Appellate Procedure.

/s/ John C. Prezas
John C. Prezas

# APPENDIX

(OPINION FROM 3RD COURT OF APPEALS)

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00633-CR

The State of Texas, Appellant

v.

John Allen Wachtendorf, Jr., Appellee

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 13-0197-K277, HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

John Allen Wachtendorf, Jr., filed a motion in the district court contending that the results of a test performed on a sample of his blood should be suppressed. After Wachtendorf filed his motion, the district court held a hearing to consider the matter. A few months later in another hearing, the district court informed the parties that after considering the evidence, it concluded that there were no exigent circumstances justifying the warrantless blood draw and stated that it was "going to grant the motion to suppress the blood draw." Upon hearing the district court's ruling, the State announced its intention to appeal the ruling.

On the same day that the district court announced its ruling, it signed an order granting the motion to suppress. Over a month after the district court made its ruling, the State filed a motion asking the district court to reconsider its prior ruling. When the district court held a hearing on the motion, Wachtendorf urged that the State had waived its right to appeal because it did not

timely file its notice of appeal. As support for this, Wachtendorf contended that the district court had signed an order granting the motion to suppress on the day that it announced its intention to grant the motion. In response, the State argued that it was unaware of the order. During the hearing, the district court determined that although it signed the order on the same day that it announced its ruling, the order was not filed at that time by the district court clerk. After the oversight was discovered, the previously signed order was filed by the district court clerk, but by that time, 80 days had passed from the date that the order had been signed. Within a few days of the hearing and the order being filed, the State filed its notice of appeal.

After the State filed its appeal, Wachtendorf filed a motion to dismiss contending that this Court does not have jurisdiction over this appeal because the appeal is untimely. The Code of Criminal Procedure sets out a deadline by which the State may appeal a trial court's order granting a motion to suppress. Tex. Code Crim. Proc. art. 44.01(a)(5), (d). In particular, the Code explains that the State may not "make an appeal . . . later than the 20th day after the date on which the order . . . is *entered by the court*." *Id.* (emphasis added). In light of this deadline, Wachtendorf insists that the State's appeal is untimely because it was not filed within 20 days of the district court signing the order granting the motion to suppress. On the other hand, the State contends that "it is fundamentally unfair" to deny the State "its right to appeal when it had no notice of a signed order from which it could appeal." When presenting this argument, the State also argues that the alleged unfairness is further compounded by the fact that the State cannot appeal oral rulings granting a motion to suppress and, therefore, has to wait until it learns that the trial court has, in fact, signed the order. *See State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012) (explaining that although State may appeal certain orders by trial courts, "[a]n oral ruling is not 'an order'").

2

When deciding what the phrase "entered by the court" means under article 44.01(d), the court of criminal appeals determined that the phrase means "the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). In other words, the court determined that "the appellate timetable for the State under Art. 44.01(d) begins running from the date the trial judge signs his or her order." *Id.* at 403; *see also id.* at 402 (explaining that "[e]stablishing a definite starting date for calculating appellate timetables serves the interests of all parties"). Although a majority of the court joined that result, a concurring opinion expressed the belief that the more appropriate construction of article 44.01(d) starts the running of the appellate deadline on "the date the signed order is file marked by the clerk." *Id.* at 405 (McCormick, J., concurring).

A few months later, the court reaffirmed the majority's position. *See State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 56-57 (Tex. Crim. App. 1992) (interpreting phrase "entered by the court" as meaning signing of order by trial judge and concluding that State's notice of appeal was not timely). Accompanying the majority opinion was a dissenting opinion criticizing the majority's holding and the reasoning from *Rosenbaum*. *See id.* at 57 (McCormick, J., dissenting) (explaining that "case presents in dramatic fashion the mischief that is potential in this Court's holding in" *Rosenbaum*). When criticizing the majority's reasoning, the dissenting justice expressed that, like in the present case, the State did not learn that the order had been signed until after the appellate deadline had run. *Id.* at 58. Accordingly, the dissenting justice warned that the majority's construction will deny a party the "right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal." *Id.* Moreover, the dissenting justice reasoned that "when the law imposes a time limitation

3

upon a party, it should concomitantly provide some notice to that party" and that "[t]he 'signing' of an order is not notice." *Id.*

Despite the criticisms expressed against the holding in *Rosenbaum*, the court has recently sanctioned that holding again. *See Sanavongxay*, 407 S.W.3d at 258-59 (explaining that article 44.01(d) authorizes State to appeal orders and that "our precedent requires that an order be in writing" and signed by trial court); *see also State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at *2-3 (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for publication) (dismissing State's appeal for want of jurisdiction when notice of appeal was not timely); *State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at *3 (Tex. App.—Amarillo June 21, 2007, order) (not designated for publication) (explaining that deadline under article 44.01(d) is more than procedural one and is instead substantive limit on State's authority to appeal, meaning that day after deadline has passed, State's ability to appeal "ceases and may not be revived").

In light of the governing case law and given that the State's notice of appeal was not filed within 20 days of the district court signing its order granting the motion to suppress, we must conclude that the State's appeal was not timely filed. *See* Tex. Code Crim. Proc. art. 44.01(d); *Rosenbaum*, 818 S.W.2d at 402. Although we recognize the limitations imposed by the court of criminal appeals' construction, we are nonetheless bound by that controlling precedent.

For these reasons, we grant Wachtendorf's motion and dismiss the State's appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (providing that "[a] timely notice of appeal is necessary to invoke a court of appeals' jurisdiction").

4

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   February 26, 2015

Do Not Publish

5