PD-0280-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/21/2015 5:21:46 PM
Accepted 5/22/2015 11:48:52 AM
ABEL ACOSTA
CLERK

NO. PD-0280-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

THE STATE OF TEXAS
Petitioner

vs.

JOHN ALLEN WACHTENDORF, JR.
Respondent

ON PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN,
NO. 03-14-00633-CR

STATE'S BRIEF

FILED IN
COURT OF CRIMINAL APPEALS

May 22, 2015

ABEL ACOSTA, CLERK

Jana Duty
District Attorney
Williamson County, Texas

John C. Prezas
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas  78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

i

# I. IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list

of the names of all interested parties follows:

Petitioner: State of Texas

Trial Counsel:
      Danny Smith, SBN: 24046867
      Elizabeth Whited, SBN: 24060823
      405 MLK St., Box 1,
      Georgetown, TX 78626

Appellate Counsel:
      John C. Prezas, SBN: 24041722
      405 MLK St., Box 1,
      Georgetown, TX 78626

Respondent: John Allen Wachtendorf

Trial Counsel:
      Carissa Beene, SBN: 24071967
      215 W. University Ave.
      Georgetown, TX 78626

      Assisted by Adam Reposa, SBN: 24040163

Appellate Counsel:
      Kristen Jernigan, SBN: 90001898
      207 S. Austin Ave.
      Georgetown, TX 78626

Trial Court

368th Judicial District Court of Williamson County, Texas
Presiding Judge: Honorable Rick Kennon
Trial cause number: 13-0197-K277

## II.    TABLE OF CONTENTS

I.    IDENTIFICATION OF THE PARTIES ........................................................ ii

II.    TABLE OF CONTENTS............................................................................ iii

III.    INDEX OF AUTHORITIES ..................................................................... iv

IV.    STATEMENT OF THE CASE ...................................................................5

V.    ISSUES PRESENTED...............................................................................5

VI.    SUMMARY OF ARGUMENT..................................................................6

VII.    STATEMENT OF FACTS.........................................................................6

VIII.    ARGUMENT ............................................................................................8

    A.    This Court's Existing Precedent Allows Appeal Only from the Signed Order of which the State Lacked Notice.............................................................8

    B.    The Precedent Relied Upon by the 3rd Court of Appeals is Distinguishable as This Court has not yet Addressed the Notice Issue.........................................9

    C.    This Court Should Revisit and Clarify Such Precedent to Clearly Require that the State Have Notice of an Appealable Order to Begin its Timeframe for Filing Notice of Appeal. ......................................................................................12

        1.    The Very Worry the Presiding Judge Expressed in the *Sutton* Case has Come to Pass Here and This Court Should Rectify the Unfairness it Creates. 12

        2.    Existing Precedent Produces an Unfair Result This Court Should Remedy Not Just in This Case but For State's Appeals Across Texas. ..........13

IX.    PRAYER .................................................................................................15

X.    CERTIFICATE OF COMPLIANCE.......................................................16

XI.    CERTIFICATE OF SERVICE.................................................................16

# III. INDEX OF AUTHORITIES

## CASES

*Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993)...............................9

*State ex rel Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992) ......... 10, 11, 12

*State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at *2-3 (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for publication) ......................................................................................................11

*State v. Poe*, 900 S.W.2d 442, 444 (Tex. App.—Amarillo 1995) .................... 12, 13

*State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at *3 (Tex. App.—Amarillo June 21, 2007, order) (not designated for publication) ............11

*State v. Rosenbaum*, 818 S.W.2d 398 (Tex. Crim. App. 1991)................................9

*State v. Sanavongxay*, 407 S.W.3d 252 (Tex. Crim. App. 2012). ................. 9, 11, 12

*State v. Wachtendorf*, No. 03-14-00633-CR, 2015 Tex. App. LEXIS 1796 No. 03-14-00633-CR (Tex. App.—Austin Feb. 27, 2015) (not designated for publication) ......................................................................................................10

## STATUTES

Tex. Code Crim. Proc 44.01 ................................................................................8, 13

Tex. R. App. Proc. 26.2(b)..................................................................................8, 13

TO THE HONORABLE COURT OF APPEALS:

## IV.  STATEMENT OF THE CASE

Respondent was indicted for Driving While Intoxicated 3rd or More.  He filed a Motion to Suppress Evidence, which the trial court granted outside the State's presence and without its knowledge.  The State appealed within five days of becoming aware, in open court, of the trial court's order.  Respondent filed a motion to dismiss the State's appeal, to which the State responded.  The 3rd Court of Appeals granted Respondent's motion and dismissed the State's appeal.  This Court granted the State's petition for discretionary review challenging that dismissal.

## V.  ISSUES PRESENTED

Did the Third Court of Appeals err in dismissing the State's appeal or is the State entitled to notice that the trial court has signed an appealable order before the twenty day time limit for filing of notice of appeal begins to run?  Should the courts of appeal, and ultimately this Court, allow the trial court to effectively strip the State of its right to appeal simply by signing an appealable order but waiting twenty one or more days before filing said order with the court's clerk or otherwise giving the State notice of the existence of said order?

## VI.   SUMMARY OF ARGUMENT

The State can only appeal from a written order. The existing precedent, as interpreted by the Third Court of Appeals, allows a trial court to sign a written order, provide no notice to the State, and thereby strip the State of its right to appeal.  This unfair and unjust result impacts not just the instant case but cases in jurisdictions across Texas.  This Court should, by its holding here, make clear to the various courts of appeal that the State is entitled to notice of the existence of a signed, appealable order before its twenty days for filing its notice of appeal begins to run.

## VII.   STATEMENT OF FACTS

Respondent filed his Motion to Suppress on January 16, 2014. C.R. 27-29. The trial court held its initial hearing on Respondent's motion to suppress on February 14, 2014. R.R. vol. 2.  On July 7, 2014, the trial court made an oral ruling in open court granting the motion. R.R. vol. 3 p. 5.   The State immediately announced its desire to appeal the trial court's decision and its request for findings of fact and conclusions of law.  R.R. vol. 3 p. 5.  On August 19, 2014, the State filed a Motion to Reconsider the granting of the motion to suppress, noting that no findings of fact or conclusions of law had been signed by the trial court, and indicating that it had received new evidence for the court to review in the form of a call log report from Cedar Park Police Department.  C.R. p. 41-42.

6

The trial court subsequently held a hearing on the State's motion on September 25, 2014 and heard additional evidence regarding its decision. R.R. vol. 4. The State again asked the court for findings of fact and conclusions of law to assist with its desire to appeal R.R. vol. 4 p. 11-13. At the conclusion of that hearing, trial counsel for Respondent argued that the state had waived its right to appeal by failing to timely file notice of appeal. R.R. vol. 4 p.64. The trial court then stated, "the only issue is whether it needs to be in writing," and discussed the issue in a manner that indicated the court was not clear on whether there yet existed a signed order. R.R. vol. 4 p. 64-65.

Defense counsel then stated that there was, in fact, a signed, written order, dated July 7, 2014, to which both attorneys representing the State immediately responded they had no notice or knowledge of the existence of any such order. R.R. vol. 4 p. 66. The trial court responded stating:

> Well, I can go through this again, but I haven't seen an order on the motion to suppress. And to tell you the truth, I don't remember signing one; not that I didn't. But normally if I sign an order I put a note in here.

R.R. vol. 4 p.66.

The trial court looked, then found the order and noted that it had not been file-stamped by the clerk. R.R. vol. 4 p.67. That signed order was then filed by the clerk on September 25, 2014, eighty days after the judgment was apparently signed. The State filed its notice of appeal five days after this hearing on

7

September 30, 2014. C.R. p. 48. Thus, the State's notice of appeal was filed within the twenty days allotted by Tex. Code Crim. Proc 44.01 and Tex. R. App. Proc. 26.2(b), if calculated from the date the State actually received notice of the signing of an appealable order. Certainly, the State's notice was quite outside that twenty day time period as calculated from the date of the trial court's signature on the appealable order.

At the September 25, 2014, hearing, the State argued to the trial court that not only did they lack notice of the signed order but they had no reason to expect such an order. The State pointed out that at the conclusion of the previous hearing on July 7, 2014, the Court had ordered findings of fact and conclusions of law, which lead the State to believe that a written order granting the motion to suppress would be issued and entered contemporaneously with the signed findings of fact. R.R. vol. 4 p. 67, 70-72. The trial court agreed that it had requested findings of fact and conclusions of law and that the trial court usually sends such findings and conclusions with the written order granting the motion. R.R. vol. 4 p. 67.

## VIII. ARGUMENT

### A. This Court's Existing Precedent Allows Appeal Only from the Signed Order of which the State Lacked Notice.

This Court has held that the timeframe for filing a State's notice of appeal begins on the day the trial court signs the appealable order. *State v. Rosenbaum*,

8

818 S.W.2d 398 (Tex. Crim. App. 1991). *See also Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (distinguishing this requirement for a State's notice of appeal from the general proposition that an oral ruling prevails over a written order in the context of addressing a defendant's right to appeal). This Court has specifically held that the State cannot appeal an oral ruling suppressing or denying the admissibility of evidence. *State v. Sanavongxay*, 407 S.W.3d 252 (Tex. Crim. App. 2012).

Thus, the State had no ability to appeal from the trial court's oral pronouncement on July 7, 2014, that it intended to grant to the motion to suppress. While that oral pronouncement may indeed have given the State notice that the court intended to grant Respondent's motion, the State had no notice that the trial court actually entered a written order from which the State could appeal. Further, as described above, the State had a reasonable basis upon which to rely in believing the trial court had not entered a written order because it was awaiting receipt of proposed findings of fact and conclusions of law prior to entering such an order.

## B. The Precedent Relied Upon by the 3rd Court of Appeals is Distinguishable as This Court has not yet Addressed the Notice Issue.

Despite this lack of notice and reliance, and despite stating, "we recognize the limitations imposed by the Court of Criminal Appeals' construction," the Third

Court of Appeals felt that this Court's precedent bound them to dismiss the State's appeal. *State v. Wachtendorf*, No. 03-14-00633-CR, 2015 Tex. App. LEXIS 1796 No. 03-14-00633-CR (Tex. App.—Austin Feb. 27, 2015) (not designated for publication)

Yet, in the cases cited by the Third Court, the issue of notice of the written order is never directly addressed.

First, the 3rd Court cited *State ex rel Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992). In *Sutton,* the clerk did not file an appealable order until four days after the trial judge signed it and the State filed their notice of appeal late because it based its filing date on the date the order was filed by the clerk rather than the date it was actually signed. This Court held that the State's notice of appeal was untimely. *Id.*

Although, in his dissent, Judge McCormick pointed out that the State had no notice, the majority did not address that issue, instead relying on the timetable imposed by the *Rosenbaum* decision to decide the case. *Id.* at 57-58.

In addition, this Court decided *Sutton* in the context of a Writ of Mandamus. Such relief is a "drastic remedy" requiring "a clear right to relief sought," such that the relator is seeking to compel a ministerial duty. *Id.* at 57. Certainly, whether to grant that kind of relief is a rather different question than whether this Court should use the opportunity this petition presents to address and clarify the issue not

10

addressed in prior precedent—whether the State is entitled to notice of an appealable order before the timetable for filing notice of appeal begins.

The 3rd Court also cited *State v. Martinez*, No. 04-14-00359-CR, 2014 Tex. App. LEXIS 7138, at *2-3 (Tex. App.—San Antonio July 2, 2014, no pet.) (mem. op., not designated for publication) and *State v. Rico*, No. 07-07-0092-CR, 2007 Tex. App. LEXIS 4849, at *3 (Tex. App.—Amarillo June 21, 2007, order) (not designated for publication), *disp. on merits*, 241 S.W.3d 648 (Tex. App.—Amarillo 2007, no pet.) as dismissals where State's notice of appeal was untimely. However, neither of these cases involved a situation where the court failed to give any notice or indication that it had signed an appealable order.

Finally, the 3rd Court cited *State v. Sanavongxay*, 407 S.W.3d 252, 258-259 (Tex. Crim. App. 2012). In *Sanavongxay* this Court confronted a situation where the trial court had signed no orders at all and held that precedent required a written order for the State to have the ability to appeal. This Court explicitly did not address claims by the State that a court could effectively deny the State its right to appeal simply by refusing to enter a written order. *Id.* at 257.

### C. This Court Should Revisit and Clarify Such Precedent to Clearly Require that the State Have Notice of an Appealable Order to Begin its Timeframe for Filing Notice of Appeal.

### 1. The Very Worry the Presiding Judge Expressed in the *Sutton* Case has Come to Pass Here and This Court Should Rectify the Unfairness it Creates.

Presiding Judge McCormick's dissent in *Sutton* succinctly describes the very problem at issue here, not addressed in previous precedent, saying,

> when the law imposes a time limitation upon a party, it should concomitantly provide some notice to that party . . . Clearly, a party may be denied a right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal.

*State ex rel Sutton v. Bage*, 822 S.W.2d at 58 (McCormick, P.J., dissenting).

The Court of Appeals in Amarillo, cited this dissent, in finding a State's notice of appeal timely where the court directed its ruling to become entered and final after signing, *State v. Poe*, 900 S.W.2d 442, 444 (Tex. App.—Amarillo 1995, no pet.). In so doing, the Amarillo Court said, "Indeed, any other result would be tantamount to allowing a trial court to implicitly and lawfully deny the State its statutory right to appeal specific criminal matter by signing yet withholding the order until the appellate period lapsed. A court's inherent power should not extend so far." *Id*. (internal citation omitted).

12

Unlike previous precedent, the instant petition puts this exact issue directly before this Court, providing the opportunity to make clear to the various courts of appeal that a court's inherent power indeed should not and does not extend that far.

## 2. **Existing Precedent Produces an Unfair Result This Court Should Remedy Not Just in This Case but For State's Appeals Across Texas.**

Should this Court not make clear that the State is entitled to notice before the twenty days allotted by Tex. Code Crim. Proc 44.01 and Tex. R. App. Proc. 26.2(b) begins to run, then trial courts all across Texas will have the ability and authority, blessed by our courts, to deny the State its opportunity to appeal whenever they so choose. Existing precedent, as currently interpreted by, at least, the Third Court of Appeals, allows the court to sign an order, wait twenty one or more days before filing the order with the district or county clerk or otherwise giving the State notice of the existence of said order, and thereby effectively strip altogether from the State its ability to appeal.

While it is reasonable to assume that this Court did not mean by its decision in *Rosenbaum* to require the State file its notice of appeal within twenty days of an event it is not aware has occurred, the Third Court of Appeals, and likely other courts of appeal as well, believe that the holdings this Court has rendered require such a result.

13

The ability to deny the State its right to appeal, a right already limited by design, also effectively denies the State its right to a fair trial and fair proceedings in a trial court. An important method of safeguarding and enforcing these rights of the State is to appeal the trial court decisions. Yet, where the trial court can rule against the State and prevent the State from appealing that ruling, the trial court effectively strips from the State these rights provided by statute, tradition, and fundamental notions of fairness of outcome and fairness of process. This Court should not allow such a result.

It is a fundamental principle of our criminal procedure that a party must have notice of the event triggering a timeframe within which it must assert its rights or seek its remedies. This Court should grant this petition to clearly hold that the State must have notice that an appealable order has been signed before the clock begins to run on the time within which it must file its notice of appeal.

## IX. PRAYER

Wherefore, the State respectfully requests that this Court reverse the Court of Appeals' dismissal of the State's appeal and any and all such other relief that this Court may find should be granted or to which the State is entitled.

Respectfully submitted,
**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
**John C. Prezas**
State Bar No: 24041722
Assistant District Attorney
405 Martin Luther King, Box 1
Georgetown, Texas  78626
(512) 943-1234
(512) 943-1255 (fax)
jprezas@wilco.org

## X.    CERTIFICATE OF COMPLIANCE

I certify that, after allowable exclusions, the State's brief contains 2409 words in compliance with Rule 9.4 of the Texas rules of Appellate Procedure.

/s/ John C. Prezas
John C. Prezas

## XI.    CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, I electronically filed the foregoing document with the clerk of the court for the Texas Court of Criminal Appeals, using the efile.txcourts.gov system.  Via that system, a "Notice of Electronic Filing" was sent to Respondent, John Allen Wachtendorf's appellate attorney of record, Kristen Jernigan 207 S. Austin Ave., Georgetown, TX 78626, at kristen@txcrimapp.com and to the State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711-3046, at information@spa.texas.gov.

/s/

John C. Prezas

John C. Prezas

16