**Dismiss and Opinion Filed December 8, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01179-CR

### REGINALD ARLEIGH NOBLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F00-50025-K**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

Reginald Arleigh Noble was convicted in 2000 of aggravated sexual assault of a child and sentenced to life in prison. His conviction was affirmed in 2002 on direct appeal. *See Noble v. State*, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App.—El Paso Feb. 4, 2002, pet. ref'd) (not designated for publication).

On November 22, 2023, appellant filed a pro se notice of appeal asserting the prior convictions used to enhance his punishment were void and the life sentence he received was outside the range of punishment. Appellant also filed numerous other

motions in the trial court with the notice of appeal. The record does not show that the trial court has ruled on any of the motions.

An appellant has the right to appeal when a trial court enters a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed).

Although it appears appellant has filed motions in the trial court, to date the trial court has not signed or entered any appealable orders on these motions. Therefore, appellant's notice of appeal does not confer jurisdiction on this Court. *See Sanavongxay*, 407 S.W.3d at 259.

To the extent appellant seeks to challenge his December 6, 2000 judgment, his November 22, 2023 notice of appeal is untimely. *See* TEX. R. APP. P. 26.2(a) (absent timely filed motion for new trial, notice of appeal must be filed within 30 days after day sentence is imposed). Alternatively, if appellant is attempting to collaterally attack his final criminal conviction, we also lack jurisdiction. As we

–2–

have previously informed appellant, a collateral attack on a judgment falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See Noble v. State*, No. 05-23-00907-CR, 2023 WL 6532497, at *1 (Tex. App.—Dallas Oct. 6, 2023, no pet. h.) (mem op.) (not designated for publication); *Noble v. State*, No. 05-22-00797-CR, 2022 WL 3365754, at *1 (Tex. App.—Dallas Aug. 16, 2023, no pet.) (mem op.) (not designated for publication); *Noble v. State¸* No. 05-20-00757-CR, 2020 WL 5554906, at *1 (Tex. App.—Dallas Sept. 17, 2020, no pet.) (mem op.) (not designated for publication); *Noble v. State*, No. 05-20-00033-CR, 2020 WL 477091, at *1 (Tex. App.—Dallas Jan. 29, 2020, no pet.) (mem op.) (not designated for publication); *In re Noble*, No. 05-19-00221-CV, 2019 WL 948770, at *1 (Tex. App.—Dallas Feb. 27, 2019, orig. proceeding) (mem op.); *Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083, at *1 (Tex. App.—Dallas Dec. 22, 2017, no pet.) (mem op.) (not designated for publication); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07. "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (quoting *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) and citing TEX. CODE CRIM. PROC. art. 11.07, § 5); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). "Article 11.07 contains no role for the courts of appeals;

the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

We conclude we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

/Maricela Breedlove/

231179f.u05                                     MARICELA BREEDLOVE
Do Not Publish                                  JUSTICE
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD ARLEIGH NOBLE,
Appellant

No. 05-23-01179-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas Trial Court Cause No. F00-50025-K. Opinion delivered by Justice Breedlove. Justices Carlyle and Goldstein participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 8th day of December, 2023.